IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| NEW BLACK PANTHER PARTY ) | |
| FOR SELF-DEFENSE, an ) | |
| unincorporated association, MALIK ZULU ) | |
| SHABAZZ, MINISTER KING SAMIR ) | |
| SHABAZZ aka MAURICE HEATH, and ) | |
| JERRY JACKSON, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, Plaintiff, alleges:

1. The Attorney General files this action seeking injunctive and declaratory relief pursuant to Section 11(b) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973, 1973i(b) (2000).

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973j(f).

3. The Attorney General of the United States has standing to bring this action on behalf of the United States pursuant to 42 U.S.C. § 1973(j)(d).

4. Defendant New Black Panther Party for Self-Defense is an unincorporated association with operations and members throughout the United States, including in Philadelphia, Pennsylvania.

4. Defendant Malik Zulu Shabazz is an individual residing in Washington, D.C. He is the self-styled "Attorney at War" of the Defendant New Black Panther Party for Self-Defense, and exercises organizational control as head, or chairman, of the Defendant New Black Panther Party for Self-Defense.

5. Defendant Minister King Samir Shabazz a.k.a. Maurice Heath is a resident of Philadelphia, Pennsylvania. He is leader of the Philadelphia chapter of the Defendant New Black Panther Party for Self-Defense.

6. Defendant Jerry Jackson is a resident of Philadelphia, Pennsylvania. He is a member of the Philadelphia chapter of the Defendant New Black Panther Party for Self-Defense.

7. Defendants New Black Panther Party for Self-Defense, Malik Zulu Shabazz, Samir Shabazz, and Jerry Jackson have engaged in coercion, threats, and intimidation, and attempted coercion, threats, and intimidation of voters, and those aiding voters, in violation of Section 11(b) of the Voting Rights Act of 1965, 42 U.S.C. § 1973i(b).

8. On November 4, 2008, during the federal general election, the Defendants Samir Shabazz and Jerry Jackson deployed at the entrance of a polling location at 1221 Fairmount Street in the City of Philadelphia. The Defendants wore military style uniforms associated with the Defendant New Black Panther Party for Self-Defense. These uniforms included black berets, combat boots, bloused battle dress pants, rank insignia, Defendant New Black Panther Party for Self-Defense insignia, and black jackets.

9. During his deployment at the polls on November 4, 2008, at the entrance to the polling location at 1221 Fairmount Street, and in the presence of voters, Defendant Samir Shabazz brandished a deadly weapon. The weapon deployed was a nightstick, or baton. The

baton included a contoured grip and wrist lanyard. Throughout the course of this deployment at the polling location, and while the polls were open for voting, Defendant Samir Shabazz pointed the weapon at individuals, menacingly tapped it his other hand, or menacingly tapped it elsewhere. This activity occurred approximately eight to fifteen feet from the entrance to the polling location. Defendant Samir Shabazz was accompanied by Defendant Jerry Jackson during this activity, and the two men stood side by side, in apparent formation, throughout most of this deployment.

10. Defendants Samir Shabazz and Jackson made statements containing racial threats and racial insults at both black and white individuals at 1221 Fairmount Street on November 4, 2008, while the polls were open for voting.

11. At the polling place at 1221 Fairmount Street on November 4, 2008, Defendants Samir Shabazz and Jackson made menacing and intimidating gestures, statements and movements directed at individuals who were present to aid voters.

12. Defendants New Black Panther Party for Self-Defense and Malik Zulu Shabazz managed, directed, and endorsed the behavior, actions and statements of Defendants Samir Shabazz and Jackson at 1221 Fairmount Street on November 4, 2008, alleged in this Complaint. Prior to the election, Defendant New Black Panther Party for Self-Defense made statements and posted notice that over 300 members of the New Black Panther Party for Self-Defense would be deployed at polling locations during voting on November 4, 2008, throughout the United States. After the election, Defendant Malik Zulu Shabazz made statements adopting and endorsing the deployment, behavior, and statements of Defendants Samir Shabazz and Jackson at 1221 Fairmount Street in Philadelphia, Pennsylvania.

13. Defendant New Black Panther Party for Self-Defense and Defendant Samir Shabazz avowedly endorse and support racially-motived violence. Defendant Samir Shabazz has made statements attributed to him in various newspapers supporting violence against non-black individuals and violence directed toward non-blacks and Jews. Defendant New Black Panther Party for Self-Defense is a black-supremacist organization which uses military-style uniforms, has auxiliary groups such as the "Panther Youth," and is explicitly hostile toward non-black and Jewish individuals in both rhetoric and practice. Defendant New Black Panther Party for Self-Defense has an active presence in Philadelphia, Pennsylvania, in part through the efforts of Defendant Samir Shabazz.

## FIRST CAUSE OF ACTION:
## INTIMIDATION OF VOTERS

14. Plaintiff hereby realleges and incorporates by reference ¶¶ 1 - 13 above.

15. Section 11(b) of the Voting Rights Act provides that: "No person, . . . shall intimidate, threaten, or coerce . . . any person for voting or attempting to vote." § 1973i(b).

16. Defendants have violated Section 11(b) by the deployment of armed and uniformed personnel at the entrance to the polling location at 1221 Fairmount Street in Philadelphia, Pennsylvania, on November 4, 2008. The loud and open use of racial slurs and insults at this polling location, directed at both black and white individuals, enhanced the intimidating and threatening presence at the polling location. The behavior and statements of the Defendants intimidated and threatened voters and potential voters, in violation of Section 11(b) of the Voting Rights Act.

17. Unless enjoined by this Court, Defendants and those acting in concert with them, will continue to violate Section 11(b) of the Voting Rights Act by continuing to direct

intimidation, threats, and coercion at voters and potential voters, by again deploying uniformed and armed members at the entrance to polling locations in future elections, both in Philadelphia, and throughout the United States.

18. "Whenever any person has engaged" in a violation of Section 11(b) by intimidating or threatening voters, the Attorney General may seek "an action for preventive relief." § 1973j(d).

## SECOND CAUSE OF ACTION:
## ATTEMPTED INTIMIDATION OF VOTERS

19. Plaintiff hereby realleges and incorporates by reference ¶¶ 1 - 18 above.

20. Section 11(b) of the Voting Rights Act provides that: "No person . . . shall . . . attempt to intimidate, threaten, or coerce" any voter. § 1973i(b). Attempts to intimidate, threaten or coerce voters, violate Section 11(b), even if such attempts are unsuccessful.

21. Defendants have violated Section 11(b) by attempting to intimidate, threaten, or coerce voters by the deployment of armed and uniformed personnel at the entrance to the polling location at 1221 Fairmount Street in Philadelphia, Pennsylvania, on November 4, 2008. The deployment, and the accompanying behavior, was an attempt to intimidate, threaten, and coerce voters. The brandishing of a weapon at the very entrance of a polling location on November 4, 2008, demonstrates that the Defendants' reliance on the potential use of force was an attempt to have an effect of certain voters. The behavior and statements of the Defendants intimidated and threatened voters and potential voters, in violation of Section 11(b) of the Voting Rights Act. The deployment of armed and uniformed individuals at the entrance to a polling location represents an attempt to have an intimidating and threatening effect on certain voters.

22. Unless enjoined by this Court, Defendants and those acting in concert with them,

will continue to violate Section 11(b) of the Voting Rights Act by continuing to attempt to intimidate, threaten and coerce voters and potential voters, by again deploying uniformed and armed members at the entrance to polling locations in future elections, both in Philadelphia, and throughout the United States.

23. "Whenever any person has engaged" in a violation of Section 11(b) by attempting to intimidate or threaten voters, the Attorney General may seek "an action for preventive relief." § 1973j(d).

### THIRD CAUSE OF ACTION:
### INTIMIDATION OF INDIVIDUALS AIDING VOTERS

24. Plaintiff hereby realleges and incorporates by reference ¶¶ 1 - 23 above.

25. Section 11(b) also protects those who aid voters or urge them to vote. Section 11(b) of the Voting Rights Act provides that: "No person . . . shall . . . intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote." § 1973i(b).

26. The Defendants intimidated and threatened those urging or aiding persons to vote at 1221 Fairmount Street on November 4, 2008 and thereby violated § 1973i(b). These efforts included, but were not limited to, doing the following to protected individuals: brandishing a deadly weapon toward them, directing racial slurs and insults at them, and attempting to prevent their authorized ingress and egress at the polling location through blockage of the entrance and the threat of force.

27. Unless enjoined by this Court, Defendants and those acting in concert with them, will continue to violate Section 11(b) of the Voting Rights Act by continuing to intimidate, threaten, and coerce individuals urging and aiding voters, by again deploying uniformed and armed members at the entrance to polling locations in future elections, both in Philadelphia, and

throughout the United States.

28. "Whenever any person has engaged" in a violation of Section 11(b) by intimidating or threatening those urging and aiding voters, the Attorney General may seek "an action for preventive relief." § 1973j(d).

## FOURTH CAUSE OF ACTION:
## ATTEMPTED INTIMIDATION OF INDIVIDUALS AIDING VOTERS

29. Plaintiff hereby realleges and incorporates by reference ¶¶ 1 - 28 above.

30. Section 11(b) protects those who aid voters or urge them to vote. Section 11(b) of the Voting Rights Act provides that: "No person . . . shall . . . attempt to intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote." § 1973i(b).

31. The Defendants attempted to intimidate and threaten those urging or aiding persons to vote at 1221 Fairmount Street on November 4, 2008 and violated § 1973i(b). These efforts included, but were not limited to, doing the following to protected individuals: brandishing a deadly weapon toward them, directing racial slurs and insults at them, and attempting to prevent their authorized ingress and egress at the polling location through blockage of the entrance and the threat of force. These statements and actions evidence an attempt to intimidate or threaten those who were present at the polling place to aid voters.

32. Unless enjoined by this Court, Defendants and those acting in concert with them, will continue to violate Section 11(b) of the Voting Rights Act by again attempting to intimidate, threaten, and coerce individuals urging and aiding voters, and by again deploying uniformed and armed members at the entrance to polling locations in future elections, both in Philadelphia, and throughout the United States.

33. "Whenever person has engaged" in a violation of Section 11(b) by attempting to intimidate or threaten those urging and aiding voters, the Attorney General may seek "an action for preventive relief." § 1973j(d).

WHEREFORE, the Plaintiff, United States of America, prays for an order that:

(a)  Declares that Defendants have violated Section 11(b) of the Voting Rights Act, 42 U.S.C. § 1973i(b), by coercing, threatening, and intimidating voters;

(b)  Declares that Defendants have violated Section 11(b) of the Voting Rights Act, 42 U.S.C. § 1973i(b), by attempting to coerce, threaten, and intimidate voters;

(c)  Declares that Defendants have violated Section 11(b) of the Voting Rights Act, 42 U.S.C. § 1973i(b), by coercing, threatening, and intimidating those urging or aiding voters to vote;

(d)  Declares that Defendants have violated Section 11(b) of the Voting Rights Act, 42 U.S.C. § 1973i(b), by attempting to coerce, threaten, and intimidate those urging or aiding voters to vote;

(e)  Permanently enjoins Defendants, their agents and successors in office, and all persons acting in concert with them, from deploying athwart the entrance to polling locations either with weapons or in the uniform of the Defendant New Black Panther Party, or both, and from otherwise engaging in coercing, threatening, or intimidating, behavior at polling locations during elections.

(f)  Plaintiff further requests that this Court:

(1)  Award Plaintiff the costs and disbursements associated with the filing and maintenance of this action;

(2) Award such other equitable and further relief as the Court deems just and proper.

Respectfully Submitted,

MICHAEL B. MUKASEY
Attorney General of the United States

*/s/ Grace C. Becker*
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

*/s/ Christopher Coates*
CHRISTOPHER COATES
Chief, Voting Section

ROBERT POPPER
Deputy Chief,
Voting Section

*/s/ J. Christian Adams*
J. CHRISTIAN ADAMS
Attorney, Voting Section
South Carolina Bar #: 7146
Department of Justice
Civil Rights Division
Voting Section
950 Pennsylvania Ave. NW
Room 7124 - NWB
Washington, D.C. 20530
J.christian.adams@usdoj.gov
(202) 616-4227