```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CIVIL ACTION
                                :
        v.                      :
                                :
THE NEW BLACK PANTHER PARTY     :
FOR SELF-DEFENSE, et al.        :        NO. 09-65
```

ORDER

AND NOW, this 18th day of May, 2009, upon consideration of the Government's motion for default judgment against defendant Minister King Samir Shabazz a/k/a Maurice Heath[1] (docket entry #18), and the Court finding that:

(a)  The Government alleged that the defendant stood in front of the polling location at 1221 Fairmount Street in Philadelphia, wearing a military-style uniform, wielding a nightstick, and making intimidating statements and gestures to various individuals, all in violation of 42 U.S.C. § 1973i(b)[2];

(b)  The Government properly served a copy of the

---

[1] The Government has voluntarily dismissed all of the other defendants in this case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

[2] No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote, or intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote, or intimidate, threaten, or coerce any person for exercising any powers or duties under section 1973a(a), 1973d, 1973f, 1973g, 1973h, or 1973j(e) of this title.

complaint on the defendant; the Clerk of Court entered default against the defendant;

(c) Default judgment is appropriate if (1) there is prejudice to the plaintiff if default is denied, (2) the defendant does not appear to have any litigable defense, and (3) the delay is due to defendant's culpable conduct, <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000);

(d) The Government satisfies all three of these requirements: (1) without an injunction against such behavior the defendant escapes all consequences of his acts and is free to act in this manner during the next election; (2) no defense to the claim that the defendant intimidated people in and around a polling center is apparent from the facts alleged; and (3) the defendant was personally served with the complaint, provided a notice by the Government that it would seek default, and sent a copy of the entry of default; and thus any delay is due to the defendant's informed lack of action;

(e) Here, the Government seeks an injunction; in order for an injunction to be warranted, the moving party must show (1) a likelihood of success on the merits, (2) irreparable harm to the movant if the injunction is not granted, (3) that the injunction would not cause greater harm to the other party than

that which the movant seeks to avoid, and (4) the injunction serves the public interest, Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001);

(f)   We cannot properly address the likelihood of success on the merits because by definition a defaulted defendant means the adversarial process is absent, but when a defendant defaults we accept the allegations of the plaintiff when we shape relief, see Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, 555 F. Supp. 2d 537, 543 (E.D. Pa. 2008), and so the Government has sufficiently alleged a violation of 42 U.S.C. § 1973i(b);

(g)   The Government seeks to prevent potential future violations of 42 U.S.C. § 1973i(b) by preventing the defendant from displaying a weapon within 100 feet of a polling location;[3] without such an injunction nothing other than the promise of future litigation prevents the defendant from repeating his conduct, and such repeated behavior would palpably constitute

---

[3] Preventing such future statutory violations can justify issuance of an injunction. See, e.g., United States v. Berks County, 277 F. Supp. 2d 570, 578 (E.D. Pa. 2003); United States v. Metro. Dade County, 815 F. Supp. 1475, 1478 (S.D. Fla. 1993); Dillard v. Crenshaw County, 640 F. Supp. 1347, 1363 (M.D. Ala. 1986); PROPA v. Kusper, 350 F. Supp. 606, 611 (D.C. Ill. 1973).

irreparable harm;

      (h)  The scope of the injunction sought -- <u>i.e.</u>, prohibiting the defendant from displaying a weapon within 100 feet of a polling location -- provides the Government with the appropriate, prophylactic protection against another violation of 42 U.S.C. § 1973i(b), and only prohibits the defendant from displaying a specific type of object at a focused area, and thus the defendant suffers no material harm if we grant the Government the injunction it seeks;

      (i)  Finally, preventing people from intimidating others at the polls always serves the public interest, and there is no reason we can find to distinguish the present injunction from any other issued for the purpose of preserving the order and dignity of a polling location;

      It is hereby ORDERED that:

      1.  The Government's motion is GRANTED;

      2.  The defendant Minister King Samir Shabazz is ENJOINED from displaying a weapon within 100 feet of any open polling location on any election day in the City of Philadelphia, or from otherwise violating 42 U.S.C. § 1973i(b);

      3.  This Court shall maintain jurisdiction over this matter until November 15, 2012 to enforce this Order as

necessary; and

    4.    The Clerk of Court shall CLOSE this case statistically.

                    BY THE COURT:

                    /s/ Stewart Dalzell, J.